UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FRANKLIN TEJADA, | ) | CASE NO. 4:05 CV 0772 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, F.C.I. ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

On March 22, 2005, pro se petitioner Franklin Tejada filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Tejada, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against the warden at F.C.I. Elkton He alleges that the Bureau of Prisons (BOP) has refused to "adjudicate" his administrative remedies regarding the restoration of 42 days of good time credits.

## Background

Mr. Tejada pled guilty to conspiracy to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 in the United States District Court for the Eastern District of New York. He was sentenced by Judge Jack Weinstein on July 12, 2001 to 10 years imprisonment followed by 5 years of supervised release. The court noted that Mr. Tejada would not be held in the United States for supervised release regardless of whether

he was voluntarily or involuntarily deported.

In a letter dated November 6, 2002, the Acting IHP Director for the Immigration and Naturalization Service (I.N.S.), John A. Lawton, advised Mr. Tejada that the I.N.S. determined that he should be removed/deported from the United States. Mr. Lawton noted that petitioner's deportation "can not be effected until you complete the remainder of your federal prison sentence." (Letter from Lawton to Tejada of 11/6/02.) Upon completion of Mr. Tejada's federal prison term, Mr. Lawton advised that the petitioner would be transferred to the custody of the I.N.S.

Six months after the date of Mr. Lawton's letter, a Final Administrative Removal Order was issued by the I.N.S. to Mr. Tejada. The order, dated May 12, 2003, set forth findings of fact and conclusions of law made by the Deciding Service Officer (DSO) of the Immigration and Naturalization Service. The DSO found, in part, that Mr. Tejada is neither a citizen nor national of the United States, he is not lawfully admitted to the United States and he is ineligible for any relief from removal that the Attorney General may grant in an exercise of discretion. It was concluded that Mr. Tejada is deportable as charged and ordered that he be removed from the United States to Dominican Republic.

During his term of imprisonment at F.C.I. Elkton Mr. Tejada initiated a grievance regarding the good time credits that are at issue in this petition. He attaches a copy of the Rejection Notice to he received from the F.C.I. Elkton Administrative Remedy Coordinator to his petition before this court. The notice indicates that his copy of the Request for Administrative Remedy was sent on the wrong BP-9 form and incorrectly dated October 24, 2004 when it was received by F.C.I. Elkton on December 27, 2004.

2

Mr. Tejada completed another Informal Resolution Form at F.C.I. Elkton, although the date he submitted his request is not clear. The specific complaint for which he was seeking a resolution was based on the BOP's "failure to employ the provisions of amended 28 C.F.R. 523.20(a)(1) to restore 42 days good time credits improperly withheld for failure to comply with GED requirements." On the form, it is noted that "[c]omplaint [was] received from inmate"on January 27, 2005. In an Inmate Request to Staff form addressed: F.C.I. Elkton "Administrative Remedy"and dated February 11, 2005, Mr. Tejada indicated that his corrected BP-9 form and attachments were enclosed.

In his petition before this court , Mr. Tejada claims he has attempted to resolve the loss of his good time credits with the BOP, but the Bureau "has made this remedy ineffective in failing to adjudicate the merits of claim within 150 days." (Pet. at 2.) .

*Federal Habeas Corpus Petitions*
*28 U.S.C. § 2241*

Before the court can address the merits of Mr. Tejada's petition, it must first determine whether his claim is properly raised in a § 2241 habeas petition. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 122 S.Ct. 493 (2001). Although this matter does address the execution of the petitioner's sentence and this court has personal jurisdiction over Mr.Tejada's custodian, he has failed to comply with the administrative exhaustion requirement for habeas petitions.

It is well established by case law that federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. See Gonzalez v.

3

United States, 959 F.2d 211, 212 (11th Cir.1992); Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991); Little v.. Hopkins, 638 F.2d 953, 954 (6th Cir.1981). Although courts have original jurisdiction over the imposition of a sentence, the Bureau of Prisons is responsible for computing that sentence and applying appropriate good time credit. United States v. Martinez, 837 F.2d 861, 865-66 (9th Cir.1988). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990). Because administrative remedies clearly exist, see 28 C.F.R. § 542.10, and nothing in the record indicates that it would have been futile for petitioner to pursue his administrative remedies or that those remedies would have been unable to afford him the relief he requests, see McKart v. United States, 395 U.S. 185, 200 (1969) (petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982), this action is dismissed based on a failure to completely exhaust administrative remedies.

Based on the foregoing, this petition is dismissed without prejudice for failing to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*[signature]* 7/20/05
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE